IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**FEDERAL DEPOSIT INSURANCE CORPORATION,** *as receiver for Doral Bank*,

**Plaintiff,**

v.

**CABAN-MUÑIZ, et al,**

**Defendants.**

Civil No. 15-2150 (GAG)

## OPINION AND ORDER

Presently before the Court is the Federal Deposit Insurance Corporation's ("FDIC" or "Plaintiff") motion to dismiss the counterclaims asserted by Luis Cabán-Muñiz, Glenda González-Meléndez, and the conjugal partnership composed by them (collectively "Defendants") for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Docket No. 10.) After reviewing the filings and the applicable law, the FDIC's motion to dismiss is **GRANTED**.

I. **Relevant Factual and Procedural Background**

The present foreclosure case was filed in the Puerto Rico Court of First Instance on August 13, 2012 by Doral Bank ("Doral"). (Docket No. 8-1.) The Complaint filed by Doral alleges that the Defendants breached the terms of the mortgage loan issued by the bank by failing to pay the monthly installments as they came due. Id. On December 12, 2012, Defendants answered the complaint and filed several counterclaims alleging: (1) that Doral

**Civil No. 15-2150 (GAG)**

negligently or intentionally caused the Defendants mental anguish due to the way in which the bank handled the Defendants' Loss Mitigation request; (2) that the Defendants suffered damages as a result of Doral not crediting payments that were made by the Defendants to the bank, and (3) that Doral violated the Defendants' right to privacy by requesting them to reveal private information as part of their Loss Mitigation process. (Docket No. 8-2.)

On February 27, 2015, while the case was still pending before state court, the Office of the Commissioner of Financial Institutions of Puerto Rico closed Doral and appointed the FDIC as receiver of the failed bank. (See Docket No. 10-1.) Subsequently, the FDIC was substituted as the real party in interest on behalf of Doral. (See Docket No. 10-1.)

On August 20, 2015 the FDIC filed a Notice of Removal from the Puerto Rico Court of First Instance.[1] (Docket No. 1.) Per the FDIC's request, the case was stayed until September 25, 2015 in order to allow for the exhaustion of the administrative claims review process as provided by the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA"). (Docket No. 5.) On September 14, 2016 the FDIC moved to dismiss the counterclaims, arguing that the Defendant's counterclaim should be dismissed for lack of jurisdiction as a result of Plaintiff's failure to comply with FIRREA's mandatory administrative procedures. (Docket No. 10.)

**II.    Standard of Review**

As courts of limited jurisdiction, federal courts must resolve questions related to their subject-matter jurisdiction before addressing the merits of a case. Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). The party asserting jurisdiction

---

[1] The case was removed pursuant to 12. U.S.C. § 1819(b)(2)(B) which allows the FDIC to remove a case from state court within ninety (90) days after the action was filed against the FDIC or after the FDIC was substituted as a party.

2

**Civil No. 15-2150 (GAG)**

has the burden of demonstrating the existence of federal jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). If it appears to the Court at any time that it lacks the statutory or constitutional power to adjudicate the case, it must dismiss the action, even in the absence of a challenge from any party. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).

Federal Rule of Civil Procedure 12(b)(1) offers the appropriate mechanism for challenging a court's subject-matter jurisdiction. Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). The rule serves as a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Id. at 362-63. A motion to dismiss brought under Rule 12(b)(1) is subject to a similar standard of review as a motion brought pursuant to Rule 12(b)(6). Boada v. Autoridad de Carreteras y Transportación, 680 F. Supp. 2d 382, 384 (D.P.R. 2010) (citing Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994)). The district court must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Hosp. Bella Vista, 254 F.3d at 363). However, the Court's inquiry is not necessarily limited to the parties' pleadings, and may include whatever evidence has been presented in the case. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

**III.   Discussion**

    A.  The Administrative Claims Review Process of the Financial Institutions Reform, Recovery and Enforcement Act of 1989

FIRREA governs, among other areas, the FDIC's powers and duties when acting as the receiver of a failed financial institution. Marquis v. F.D.I.C., 965 F.2d 1148, 1151 (1st Cir.

**Civil No. 15-2150 (GAG)**

1992); 12 U.S.C. § 1821(d). As receiver, the FDIC succeeds to all of the rights of the depository institution under receivership. § (d)(2)(A).

FIRREA seeks to facilitate the process by which insolvent financial institutions are rehabilitated or liquidated. Acosta-Ramírez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013). Consistent with this purpose, FIRREA requires all parties with claims against the assets of an insolvent financial institution, or with claims arising out of the institution's acts or omissions, to participate in the statute's administrative claims review process. § 1821(d); see Marquis, 965 F.2d at 1151.

Under FIRREA, after being appointed receiver of an insolvent financial institution, the FDIC shall "promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice." § 1821(d)(3)(B). The notice must be published at least ninety (90) days prior to the date specified in the notice and republished twice, with a month between each publication. Id. Moreover, the FDIC must also mail similar notices to those creditors that appear on the depository institution's books at the time of publication of the notice. § 1821(d)(3)(C). If a claimant's name and address do not appear on the institution's books, the FDIC shall mail a notice within thirty (30) days after discovering the name and address of the claimant. Id. FIRREA also confers on the FDIC the power to disallow claims that were filed after the claims bar date, subject to certain exceptions. § 1821(d)(5)(C).

If a claim is filed, the FDIC has 180 days to determine whether it will be allowed or disallowed. § 1821(d)(5)(A)(i). A claimant has sixty (60) days after any notice of disallowance to seek administrative or judicial review of the determination. § 1821(d)(6)(A)(ii). If the FDIC does not issue a determination before the statutory 180-day

**Civil No. 15-2150 (GAG)**

period, then the 60-day period to seek administrative or judicial review starts to run upon the expiration of the 180-day period. Id.

As mentioned previously, FIRREA deprives district courts from jurisdiction to consider claims where the plaintiff did not comply with the above described administrative claims review process. § 1821(d)(13)(D).  See also Simon v. F.D.I.C., 48 F.3d 53, 57 (1st Cir. 1995).  In other words, failure to file a claim prior to the bar date, or otherwise exhaust FIRREA's statutory claims process, strips courts of the power to hear the claim.  Demelo v. U.S. Bank Nat. Ass'n, 727 F.3d 117, 122 (1st Cir. 2013).

       B.  The claims against Doral

After being named receiver of Doral, the FDIC published a notice to all of the failed institution's creditors informing them that the Office of the Commissioner of Financial Institutions of Puerto Rico had closed the bank and appointed the FDIC as receiver, and that all creditors with claims against Doral had to submit their claims, along with proof of such claims, to the FDIC by June 4, 2015 ("Claims Bar Date").  (Docket No. 10-1.)  The notice also warned that failure to file a claim on or before the Claims Bar Date would result in disallowance of the claim. (Docket No. 10-1.) The notice was published for the first time on March 6, 2015 and was republished on April, 6, 2015 and May 5, 2015. Id. The FDIC also mailed a notice with similar information to the Defendants on May 14, 2015. (Docket Nos. 10-2 & 10-3.)

The Defendants, however, failed to submit his claims to the FDIC within the established timeframe. This failure to comply with the FIRREA's administrative claims review process strips the Court of subject-matter jurisdiction over the defendant's counterclaims. See Demelo, 727 F.3d 117; Acosta-Ramírez, 712 F.3d 14; Simon, 48 F.3d 53.

**Civil No. 15-2150 (GAG)**

## IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** FDIC's motion to dismiss at Docket No. 10. The Defendant's counterclaims are hereby **DISMISSED with prejudice**.

**SO ORDERED.**

In San Juan, Puerto Rico this 21th day of October, 2016.

 *s/ Gustavo A. Gelpí*  
GUSTAVO A. GELPI  
United States District Judge
